**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

LETICIA LEE,

      Plaintiff,

v.

WARNER MEDIA, LLC; HBO HOME
ENTERTAINMENT, INC.; WARNER BROS.
WORLDWIDE TELEVISION DISTRIBUTION
INC.; NBC UNIVERSAL TELEVISION
STUDIO DIGITAL DEVELOPMENT LLC; CBS
BROADCASTING INC.; GRAMMNET NH
PRODUCTIONS

Defendants.

---

Case No. 6:23-cv-6025

Removed From:
Supreme Court of the State of New
York, County of Ontario
Index No.: 134539-2022

---

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§§ 1331, 1441, and 1446, Defendants Warner Media, LLC; HBO

Home Entertainment, Inc.; Warner Bros. Worldwide Television Distribution Inc.; NBC Universal

Television Studio Digital Development LLC; CBS Broadcasting Inc.; and Grammnet NH

Productions ("Defendants"), file this Notice of Removal, with the consent of all Defendants, and

remove this action from the Supreme Court of the State of New York, County of Ontario.  Removal

is based on federal question jurisdiction because Plaintiff's Amended Complaint arises from

alleged copyright infringement claims under the U.S. Copyright Act, 17 U.S.C. § 501.  As required

by 28 U.S.C. § 1446(a), the grounds for removal—together with a copy of all process, pleadings,

and orders served on Defendants—are set forth below and attached as exhibits hereto.

### Background

1.      *Pro se* Plaintiff LeTicia Lee ("Lee") instituted this action in the Supreme Court of

the State of New York, County of Ontario on November 9, 2022.  Plaintiff filed an Amended

Complaint on November 16, 2022, asserting claims against Defendants for copyright infringement

of Plaintiff's purported "original treatment, and pilot script" entitled "Girlfriends" that she created in 1991.  Attached as **Exhibit A** is a true and correct copy of the Summons and Amended Complaint in this action.

2.    In the Amended Complaint, Plaintiff alleges that Defendants' respective popular television shows "Living Single," "Friends," "Sex and the City," and "Girlfriends" all infringe her purported treatment and script.  *E.g.*, Ex. A ❡❡ 47-48.  Plaintiff seeks upwards of $750 million in damages based on this alleged infringement. *Id.* ❡ 51.

3.    Pursuant to W.D.N.Y. Local Rule 81(a), an index identifying each document filed and/or served in the action pending in the Supreme Court of the State of New York, County of Ontario is attached as **Exhibit B.**  Also pursuant to W.D.N.Y. Local Rule 81(a), true and correct copies of all process, pleadings, and orders served on Defendants in the pending state court action are attached hereto as **Exhibits C-M.**

4.    Based on the allegations in the Amended Complaint and the attached exhibits, Defendants affirm that removal is proper for the following reasons:

### Removal Is Timely

5.    Defendant Warner Media, LLC was served with a copy of the summons and Amended Complaint on December 13, 2022.

6.    Defendant HBO Home Entertainment, Inc. was served with a copy of the summons and Amended Complaint on December 13, 2022.

7.    Defendant Warner Bros. Worldwide Television Distribution Inc. was served with a copy of the summons and Amended Complaint on December 13, 2022.

8.    Defendant NBC Universal Television Studio Digital Development LLC was served with a copy of the summons and Amended Complaint on December 13, 2022.

9.      Defendant CBS Broadcasting Inc. was served with a copy of the summons and Amended Complaint on December 12, 2022.

10.      Defendant Grammnet NH Productions accepted service of the Amended Complaint on January 6, 2023.  Attached as **Exhibit N** is a true and correct copy of Defendant Grammnet NH Productions' acknowledgement of receipt of summons and complaint pursuant to N.Y. CPLR § 312-a.

11.      Under 28 U.S.C. § 1446(b) and Second Circuit case law, Defendants timely removed this case within 30 days of service of the earliest-served summons and Amended Complaint (served on Defendant CBS Broadcasting Inc. on December 12, 2022).  *See Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021) (notice of removal shall be filed within 30 days after defendant's receipt of initial pleading or summons) (quoting 28 U.S.C. § 1446(b)).

## Subject Matter Jurisdiction

12.      Removal to this Court is proper because this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1441.  The Amended Complaint asserts copyright infringement claims against all Defendants.  *See* Ex. A ¶¶ 47-48, 51.

13.      Federal district courts have original jurisdiction of any civil action arising under the U.S. Copyright Act.  28 U.S.C. §§ 1331 and 1338(a).  This includes complaints seeking a "remedy expressly granted by the [Copyright] Act, e.g., a suit for infringement or for [] statutory royalties," or assertions of claims "requiring construction of the [Copyright] Act."  *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 349 (2d Cir. 2000) (citations omitted); *see also Patrick v. Francis*, 887 F. Supp. 481, 485 (W.D.N.Y. 1995) (upholding removal to federal court because court has "original jurisdiction over plaintiff's copyright violation claim pursuant to 28 U.S.C. §§ 1331 and 1338(a)").

14.     In addition, removal to this Court is proper because the state court matter is proceeding in Ontario County, New York, which is located in this judicial district.  28 U.S.C. § 1441(a).

## Notice

15.     As required by 28 U.S.C. § 1446(d), Defendants are providing written notice of the filing of this Notice of Removal to Plaintiff, and will also be filing a Notice of Filing a Notice of Removal with the Supreme Court of the State of New York, County of Ontario, where the action is currently pending.  A true and correct copy of the Notice of Filing a Notice of Removal is attached as **Exhibit O**.

## No Waiver or Admissions

16.     Defendants have additional defenses to this action and do not waive any defenses. Nor do Defendants admit any of the allegations in Plaintiff's Amended Complaint.

## Conclusion

This Court has subject-matter jurisdiction in this action because Plaintiff's Amended Complaint arises from alleged violations of the U.S. Copyright Act.  Accordingly, Defendants, desiring to remove this case to the United States District Court for the Western District of New York with the consent of all Defendants, request that the filing of this Notice of Removal with this Court and the filing of the Notice of Filing a Notice of Removal with the Supreme Court of the State of New York, County of Ontario, shall effect the removal of this case.

Dated:  January 11, 2023                    Respectfully submitted,

                                            /s/ *Elizabeth A. McNamara*
                                            Elizabeth A. McNamara (N.Y. Bar No. 1930643)
                                            1251 Avenue of the Americas, 21st Floor
                                            New York, New York 10020
                                            Telephone: (212) 603-6437

Email: lizmcnamara@dwt.com

*Attorney for Defendants Warner Media, LLC; HBO Home Entertainment, Inc.; Warner Bros. Worldwide Television Distribution Inc.; NBC Universal Television Studio Digital Development LLC; CBS Broadcasting Inc.; and Grammnet NH Productions*