UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LETICIA LEE,

                      Plaintiff,           Case # 23-CV-6025-FPG

v.

                                            ORDER

WARNER MEDIA, LLC, et al.,

                      Defendants.
_____

On March 6, 2023, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint on the ground that Plaintiff's work is not "substantially similar to any of Defendants' shows." ECF No. 13 at 1. On April 4, 2023, Plaintiff filed a Motion for Summary Judgment and Opposition to Defendants' Motion to Dismiss. ECF No. 15. In her motion, Plaintiff argues that she shared her work with Defendants and that Defendants used characters, concepts, and storylines from her work in their allegedly infringing works. *See* ECF No. 15 at 1-19. For the reasons that follow, Plaintiff's Motion for Summary Judgment is DENIED WITHOUT PREJUDICE. The Court will construe Plaintiff's filing, including her Affidavit and Memorandum of Law in Support of Summary Judgment, as her Opposition to Defendants' Motion to Dismiss. Further, Defendants' Motion for Extension of Time is GRANTED. Defendants may file their reply on or before May 11, 2023.

In order to establish a claim of copyright infringement, a plaintiff must show, among other things, that "the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's [work]." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) (internal quotation marks omitted). Therefore, if Defendants are correct that Plaintiff's work is not substantially similar to their works, Plaintiff's claims fail and this action must be dismissed. This issue may be addressed at this early stage because "[w]hen a court is called upon to consider whether the works are substantially similar, no

discovery or fact-finding is typically necessary, because 'what is required is only a visual comparison of the works.'" *Id.* at 64 (quoting *Folio Impressions, Inc. v. Byer Cal.*, 937 F.2d 759, 766 (2d Cir. 1991)). Because the Court "has before it all that is necessary" to conduct such a comparison—Plaintiff's work and the allegedly infringing television series[1]—the Court may consider the similarity between those works in connection with Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.*

Accordingly, at this stage of the proceedings, the Court concludes that the more efficient course is to first consider Defendants' motion to dismiss and Plaintiff's opposition to that motion. If Defendants' motion is meritorious, the complaint must be dismissed, and Plaintiff's motion for summary judgment will be moot. On the other hand, should Plaintiff's claim survive the motion to dismiss, the issues that Plaintiff raises in her motion to summary judgment may need to be addressed, and the Court will give Plaintiff an opportunity to renew that motion.

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, ECF No. 15, is DENIED WITHOUT PREJUDICE. Defendants may file their reply on or before May 11, 2023, and their motion for an extension of time, ECF No. 16, is GRANTED to that extent.

IT IS SO ORDERED.

Dated: April 10, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[1] Plaintiff referred to both the allegedly infringed and allegedly infringing works, but did not attach them to her complaint. *See* ECF No. 1-1. Plaintiff attached a pilot script to her Motion for Summary Judgment/Opposition to Defendants' Motion to Dismiss. ECF No. 15-1 at 15-32. Defendants included the allegedly infringing works as exhibits to their motion to dismiss. ECF Nos. 13-6–9. Because the works are "integral to the complaint," the Court may consider those works on a motion to dismiss without treating the motion as one for summary judgment. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).