UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LETICIA LEE,

                                     Plaintiff,                              Case # 23-CV-6025-FPG

v.

                                                                             ORDER

WARNER MEDIA, LLC, et al.,

                                     Defendants.

## INTRODUCTION

On June 9, 2023, Plaintiff LeTicia Lee moved for default judgment as to Warner Media, LLC, HBO Home Entertainment, Inc., Warner Bros. Worldwide Television Distribution Inc., NBC Universal Television Studio Digital Development LLC, CBS Broadcasting Inc., and Grammnet NH Productions (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). *See* ECF No. 19.  As explained below, Plaintiff's motion is DENIED.

## DISCUSSION

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).  "The first step is to obtain a default." *Id.*  When a defendant "has failed to plead or otherwise defend, a plaintiff may bring that fact to the court's attention, and Rule 55(a) empowers the clerk of the court to enter a default against" the defendant. *Id.*  "Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, a district judge also possesses the inherent power to enter a default." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citations omitted).  After obtaining a default, "a plaintiff must next seek a judgment by default under Rule 55(b)." *Green*, 420 F.3d at 104.  As relevant here, Rule 55(b)(2) "requires a party seeking judgment by default to apply to the court for entry of a default judgment." *Id.*

Because Defendants have not "failed to plead or otherwise defend," Fed. R. Civ. P. 55(a),

they have not defaulted.  Plaintiff is therefore not entitled to default judgment against them.  *See*

*Francis v. Accubanc Mortgage Corp.*, No. 19-CV-902, 2020 WL 2086038, at *2–3 (S.D.N.Y. Apr.

30, 2020).  Plaintiff appears to argue that Defendants defaulted because they did not timely respond

to her complaint in state court, but instead removed the action from state court to federal court.

*See* ECF No. 19 at 1 ("Plaintiff rejects [Defendants'] Motion to Dismiss as Defendants were

notified multiple times and defaulted.").  This is incorrect.  To start, there is no indication that

Defendants defaulted in state court.  Defendants filed a notice of appearance on December 29,

2022, less than twenty days after the earliest-served Defendant, CBS Broadcasting, Inc., received

the summons and amended complaint on December 12, 2022. [1] ECF Nos. 1-10–13; 15-1 at 84–93

(proof of service); *see also* N.Y. C.P.L.R. § 302(a) (defendant must appear within either twenty or

thirty days of service of summons depending on method of service).

Nor have Defendants defaulted in this Court.  Defendants timely removed the action to this

Court by filing a notice of removal on January 11, 2023.  *See* ECF No. 1 (notice of removal); *see*

*also Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021) (notice of removal shall be filed

within 30 days of defendant's receipt of initial pleading or summons) (quoting 28 U.S.C. §

1446(b)).  Two days later, on January 13, 2023, Defendants timely sought an extension of time to

respond, which the Court granted, extending Defendants' deadline to March 6, 2023.  ECF Nos.

10, 13; *see also* Fed. R. Civ. P. 81(c)(2)(C) ("A defendant who did not answer before removal

must answer or present other defenses or objections under these rules within . . . 7 days after the

---

[1] As Plaintiff notes, Defendants also moved to extend their time to respond in state court on the same day.  ECF Nos.
1-11 at 2–3; 19 at 2–3.  Defendants withdrew that motion after filing their notice of removal on January 11, 2023.
*See* ECF No. 19 at 2–3.

notice of removal is filed.").  Defendants filed a motion to dismiss on that date.  ECF No. 13.  After

Plaintiff responded, Defendants filed a timely reply.  *See* ECF Nos. 15–18.

Accordingly, Defendants have not defaulted.  *See Francis*, 2020 WL 2086038, at *3.  To

the contrary, they have complied with each deadline under the Federal Rules of Civil Procedure

and the Court's orders.  Plaintiff's motion for default judgment is therefore denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment, ECF No. 19, is

DENIED.

IT IS SO ORDERED.

Dated:  June 13, 2023
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York